IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| BOGGS PAVING, INC., | ) | C/A No.: 0:19-161-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REMOVAL PETITION** |
| | ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:

YOU WILL PLEASE TAKE NOTICE that the Defendant, Liberty Mutual Fire Insurance Company, ("Defendant"), does hereby invoke the removal jurisdiction of the United States District Court for the District of South Carolina on the following grounds:

**FIRST:**   On or about December 28, 2018, the Plaintiff named above filed an amended civil action against the above captioned Defendant in the Circuit Court of York County, South Carolina, as Case No. 2018-CP-46-03937.  The Defendant was served on December 28, 2018.  The Defendant now files and presents this Notice of Removal within thirty (30) days after receipt by the Defendant of the filed Summons and Complaint as required by 28 U.S.C. § 1446.

**SECOND:**   This action is removable to the United States District Court based upon 28 U.S.C. § 1441.  The above described action is a civil action over which this Court has jurisdiction by way of diversity pursuant to 28 U.S.C. § 1332 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and is one which may be removed to this Court by the Defendant pursuant

to 28 U.S.C. § 1441. The Plaintiff is alleged to be a North Carolina company with its principal place of business in North Carolina. Compl. at ¶ 1. The Defendant is alleged to be a Massachusetts corporation. Compl. at ¶ 2. This is not true. The Defendant is a Wisconsin corporation having its principal place of business in the state of Massachusetts.

The Plaintiff's Complaint does not seek to limit its damages below the jurisdictional threshold. In fact, the face of the Complaint alleges an amount in controversy in excess of the jurisdictional threshold, i.e. $125,000. Compl at ¶¶ 7; 11, 14; 17. Thus, it cannot be said to a "legal certainty" that the amount in controversy is less than $75,000.00, thus, making this matter removable and, in fact, the face of the papers indicates the amount in controversy is satisfied. Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981). Punitive damages, when sought, must be considered in determining the amount in controversy. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).[1] Further, actions by the Plaintiff, if any, post removal do not divest the Court of jurisdiction. St. Paul Mercury Indemnity Co, v. Red Cab Co., 303 U.S. 283 (1938). The determination of amount in controversy requirement is measured at the time of removal; and the ultimate recovery in a matter is immaterial. Id.

**THIRD:** Copies of all process, pleadings and orders served upon the Defendant in this action are attached hereto collectively as Exhibit A and are incorporated herein by reference.

**FOURTH:** Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendant's right to assert any defense, including, but not limited to those defenses available

---

[1] It has been noted by Judge Shedd, that "the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages. . . ." Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp.2d 530, 532 (D.S.C. 1999).

under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

**FIFTH:** Pursuant to 28 U.S.C. § 1446(b), this Notice of and Petition for Removal is being filed within one (1) year after the date of the commencement of the original action.

**SIXTH:** The Defendant is providing the Clerk of Court from which this action was removed with a copy of this Notice of and Petition for Removal.

WHEREFORE, the Defendants pray that this Honorable Court accept this Notice of and Petition for Removal and hereby undertake jurisdiction in the above-entitled cause of action now pending in the Court of Common Pleas for the County of York, State of South Carolina, that the same be removed to this Honorable Court and that all proceedings in said case in the Court of Common Pleas for the County of York, State of South Carolina, be stayed.

Dated this 18th of January, 2019.

WALL TEMPLETON & HALDRUP, P.A.

s/Morgan S. Templeton
Morgan S. Templeton  (Fed ID # 7187)
Stephanie G. Brown   (Fed ID #12343)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500
Attorneys for Defendant