IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BOGGS PAVING, INC., )<br>)<br>Plaintiff, )<br>)<br>-versus- )<br>)<br>LIBERTY MUTUAL FIRE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>_____) | C/A No.: 0:19-cv-161-JMC<br><br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant, Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual"), by and through its undersigned attorneys, and hereby answers Plaintiff's Amended Complaint as follows:

1.     All of the allegations contained in the Plaintiff's Amended Complaint that are not specifically admitted, denied, or otherwise modified are denied and strict proof thereof demanded.

2.     As to the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, Liberty Mutual admits the same.

3.     As to the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, Liberty Mutual admits that it is a corporation existing under the laws of Wisconsin, with its principal place of business in the state of Massachusetts, authorized to do business in the state of South Carolina.

4.      As to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, Liberty Mutual admits that it sold a commercial general liability insurance policy to the Plaintiff the terms and conditions of which speak for themselves.  Liberty Mutual denies that a complete policy was served upon it and therefore deny the remainder of the paragraph.

5.As to the allegations contained in Paragraphs 4, 5, 6, and 7 of Plaintiff's Amended Complaint, Liberty Mutual admits that it sold policy TB2-Z51-283815-017 to Boggs Paving, Inc., the terms and conditions of which speak for themselves. Liberty Mutual further admits that two lawsuits, Hoover and Perry were filed against Boggs Paving, Inc. concerning events that are alleged to have occurred on December 11, 2014. Liberty Mutual further admits these two lawsuits were tendered to Liberty Mutual for a defense and indemnity and that Liberty Mutual provided a defense pursuant to a reservation of rights. All remaining allegations contained in these paragraphs are denied and strict proof thereof demanded.

6.As to the allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint, Liberty Mutual admits the same.

## ANSWERING THE FIRST CAUSE OF ACTION
(Breach of Contract)

7.As to the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, Liberty Mutual realleges and reavers Paragraphs 1 through 6 above as if set forth herein verbatim.

8.As to the allegations contained in Paragraphs 10, including all subparts, and 11 of Plaintiff's Amended Complaint, Liberty Mutual denies the same and demands strict proof thereof.

## ANSWERING THE SECOND CAUSE OF ACTION
(Bad Faith)

9.As to the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, Liberty Mutual realleges and reavers Paragraphs 1 through 8 above as if set forth herein verbatim.

10.As to the allegations contained in Paragraphs 13, and 14 of Plaintiff's Amended Complaint, Liberty Mutual denies the same and demands strict proof thereof.

## ANSWERING THE THIRD CAUSE OF ACTION
(Declaratory Ruling)

11.     As to the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, Liberty Mutual admits so much that the "total pollution exclusion" applies to this claim and is a reasonable basis to reserve rights under the claim and to not provide indemnity for the claim pursuant to the terms and conditions of the mutually binding insurance contract between the parties. Liberty Mutual denies the remaining allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint and demands strict proof thereof.

12.     As to the allegations contained in Paragraphs 16 and 17 of Plaintiff's Amended Complaint, Liberty Mutual denies the same and demands strict proof thereof.

13.     The final paragraph, which is not numbered, constitutes a prayer for relief which requires no response from Liberty Mutual.  To the extent a response is required, Liberty Mutual denies each allegation contained therein and demands strict proof thereof.

## FOR A SECOND DEFENSE
## AND BY WAY OF AN AFFIRMATIVE DEFENSE
**(Coverage Defenses)**

14.     Liberty Mutual realleges and reavers Paragraphs 1 through 13 above as if fully stated verbatim herein.

15.     The damages alleged in the Plaintiff's Amended Complaint for which relief is sought are outside the scope of any policy of insurance alleged to have been issued by Liberty Mutual. Further, Liberty Mutual alleges that it had reasonable grounds for contesting the claim including but not limited to the total pollution exclusion, and the cooperation clause/voluntary payment clause. Coverage is or may be barred, in whole or in part, on the ground that any bodily injury or property damage at issue in the underlying claims arises out of the discharge, dispersal, release or escape of

smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or irritants, contaminants or pollutants, which discharge, dispersal, release or escape was not sudden and accidental, or may be excluded from coverage by any other exclusion relating to pollution or contamination or waste.  Coverage is or may be barred, in whole or in part, to the extent that the amount of the underlying claims and/or losses is not fixed or rendered certain either by judgment or agreement between Plaintiff and any applicable third parties with the written consent of Liberty Mutual, and the amount for such claims and/or losses has not yet been paid.  Further, to the extent any payments were unreasonable that may serve as a defense as well.

### FOR A THIRD DEFENSE
### AND BY WAY OF AN AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

16.     Liberty Mutual realleges and reavers Paragraphs 1 through 15 above as if fully stated verbatim herein.

17.     The Plaintiff's claim for punitive damages, and any award thereof, would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process clause of applicable state Constitution.

### FOR A FOURTH DEFENSE
### AND BY WAY OF AN AFFIRMATIVE DEFENSE
### (Reasonable Grounds for Contesting Claim)

18.     Liberty Mutual realleges and reavers Paragraphs 1 through 17 above as if fully stated verbatim herein.

19.     Liberty Mutual alleges it had reasonable grounds for contesting the claim and ultimately denying the claim.

## FOR A FIFTH DEFENSE
## AND BY WAY OF AN AFFIRMATIVE DEFENSE
## (Unclean Hands)

20.     Liberty Mutual realleges and reavers Paragraphs 1 through 19 above as if fully stated verbatim herein.

21.     Plaintiff's claims against Liberty Mutual are or may be barred by the doctrine of unclean hands..

## FOR A SIXTH DEFENSE
## AND BY WAY OF AN AFFIRMATIVE DEFENSE
## (Waiver, Estoppel, and Laches)

22.     Liberty Mutual realleges and reavers Paragraphs 1 through 21 above as if fully stated verbatim herein.

23.     Plaintiff's claims may be barred by the doctrine of waiver, estoppel, and laches.

## FOR AN SEVENTH DEFENSE
## AND BY WAY OF AN AFFIRMATIVE DEFENSE
## (Reliance)

24.     Liberty Mutual realleges and reavers Paragraphs 1 through 30 above as if fully stated verbatim herein.

25.     Plaintiff's Amended Complaint should be dismissed because Liberty Mutual relied upon information provided to it by Plaintiff, which if true, may justify the decisions made and, thus, its actions cannot be held as unreasonable.

## FOR AN EIGHTH DEFENSE
## AND BY WAY OF AN AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

26.     Liberty Mutual realleges and reavers Paragraphs 1 through 30 above as if fully stated verbatim herein.

27.     Plaintiff has failed to state a claim upon which relief may be granted.

### RESERVATION AND NON-WAIVER

28.     Liberty Mutual realleges and reavers Paragraphs 1 through 27 above as if fully stated verbatim herein.

29.     Liberty Mutual reserves and does not waive any additional or further defenses as may be revealed by additional information that maybe acquired in discovery or otherwise.

WHEREFORE, Liberty Mutual, having fully answered the Plaintiff's Amended Complaint herein, prays that the same be dismissed with costs and for such other and further relief as the Court may deem just and proper.

Dated this   7th    of February, 2019.

WALL TEMPLETON & HALDRUP, P.A.


s/ Morgan S. Templeton
Morgan S. Templeton  (Fed ID # 7187)
Stephanie G. Brown (Fed ID #12343)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500
Attorneys for Liberty Mutual Fire Insurance Company